USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-17-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
FERNANDO BOSCH,                  :
                                 :
                Petitioner,      :    09 Civ. 7409
                                 :
     - against -                 :    DECISION AND ORDER
                                 :
UNITED STATES OF AMERICA,        :
                                 :
                Respondent.      :
------------------------------- X
```

**VICTOR MARRERO, United States District Judge.**

Petitioner Fernando Bosch ("Bosch") brought this action

pursuant to 28 U.S.C. § 2255 ("§ 2255") seeking to vacate, set

aside or correct his sentence. Bosch contends that he was

denied effective assistance of counsel on the grounds that his

attorney failed: (1) to argue for safety-valve eligibility;

(2) to inform him of the consequences of pleading guilty; (3)

to present argument at sentencing detailing his efforts to

cooperate with the Government; and (4) to argue at the Fatico

hearing the Court conducted that the testimony of the

Government's witness was not credible. In his reply to the

Government's objections to this motion, Bosch also asserts

denial of due process by reason of the Government's decision

not to offer Bosch a letter pursuant to § 5K1.1 of the

Sentencing Guidelines.

On the day a trial of this action was scheduled to

commence, Bosch decided to enter a plea of guilty without a

plea agreement to one count of an indictment charging him with

distribution of heroin. The Court conducted an allocution and

accepted Bosch's plea upon determining that Bosch: (1) had entered his plea knowingly and voluntarily; (2) was sufficiently informed of his rights and was waiving them; (3) was satisfied with the representation provided by his attorney and had discussed with counsel the charges against him, the maximum and any minimum penalties he faced, and other possible consequences of pleading guilty; and (4) was aware of and agreed with the factual recitation of the evidence the Government would present against him at a trial on the charge.

Prior to sentencing, Bosch challenged the Government's contention that he had not been sufficiently forthcoming during a proffer held concerning the extent of his involvement in the charged conspiracy, and that consequently he was not eligible to receive safety valve treatment. He also disputed the Government's argument, as well as the findings of the Probation Department, suggesting that Bosch was responsible for distributing between three and 10 kilograms of heroin during his involvement in the underlying conspiracy. To resolve these factual disputes, the Court conducted a Fatico hearing. Following that proceeding, at which testimony was presented by a Government cooperating witness and by Bosch, the Court found that parts of Bosch's testimony were not credible or conflicting and inconsistent in material respects. On that basis and the other evidence it heard, the Court

-2-

concluded that Bosch did not qualify for application of the safety valve provisions.

At sentencing, the Court further determined that, based on the record before it, Bosch was responsible for distributing between three and 10 kilograms of heroin. But the Court rejected the Government's request for a two-point enhancement for obstruction of justice. The Court imposed a sentence of 121 months of incarceration, the bottom of the Guidelines range. On appeal, the Second Circuit affirmed the judgment, finding that the Court's rulings concerning Bosch's safety valve ineligibility and drug quantity were not clearly erroneous. See United States v. Bosch, 282 Fed. Appx. 928 (July 2, 2008), cert. denied, 129 S. Ct. 520 (Nov. 3, 2008).

The Court rejects each of Bosch's arguments in this action. With regard to Bosch's safety-valve eligibility claim, the record of the Fatico hearing, and the extensive submissions and discussions at sentencing, conclusively establish that counsel vigorously questioned the testimony of the Government's witness and otherwise thoroughly presented arguments expressing Bosch's position. Bosch's dissatisfaction with the Court's ruling against him as to these matters does not comprise sufficient ground to support a claim of ineffective assistance of counsel. Similarly, based on the record of Bosch's plea allocution, summarized

-3-

above, there can be no reasonable doubt that Bosch was fully aware of the consequences of pleading guilty, and that his plea was knowing, voluntary and based on advice of counsel. Moreover, Bosch acknowledged to the Court that he was satisfied with counsel and his representation of Bosch. In fact, Bosch's assertion of these arguments through the instant petition raises issues that he already unsuccessfully litigated on appeal, or could have presented but failed to do so. See Bousley v. United States, 523 U.S. 614, 621 (1998).

The Court has otherwise reviewed Bosch's ineffective assistance of counsel claim and finds it meritless. Bosch fails to establish any basis for a claim of ineffective assistance of counsel under the standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 667, 687 (1984). The Court finds that a fair assessment of counsel's performance in this case shows no evidence that the legal representation Bosch was provided in connection with the Fatico hearing, at his sentencing, or on appeal was deficient, or that any professional errors counsel may have made were so serious as to deprive Bosch of a fair proceeding, or that, but for any such errors the result of Bosch's sentencing would have been different. See id. at 689, 698.

Here, Bosch presents no credible evidence or compelling arguments demonstrating counsel's failure to investigate, or

-4-

that counsel merely made a pro forma application for safety valve adjustment at sentencing, as Bosch contends.  Quite to the contrary, counsel strenuously pursued with the Probation Department, at the Fatico hearing, during the plea allocution, at sentencing, and on appeal the matters Bosch asserts here as faults concerning Bosch's claimed limited involvement in the conspiracy, eligibility for safety valve treatment and lesser quantity of drugs.  The charge that Bosch levels characterizing counsel's performance as deficient would raise the very concern that the Strickland Court cautioned against: allowing the "distorting effects of hindsight" to guide an assessment of counsel's representation in this case.  Id. at 689.

Because Bosch has not sufficiently demonstrated that he has a plausible claim, and because the files and records of the case conclusively show that he is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required.  See 28 U.S.C. § 2255; United States v. Tarricone, 996 F.2d 1414, 1417-18 (2d Cir. 1993).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Fernando Bosch ("Bosch") for an order to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

-5-

The Clerk of Court is directed to withdraw any pending motions and to close this case.

Because Bosch has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**

Dated:    New York, New York
          17 December 2009


                                        VICTOR MARRERO
                                           U.S.D.J.